The judgment of the United States Customs Court is *affirmed.*

UNITED STATES *v.* THE HALLE BROS. CO. (No. 3552)[1]

[1] T. D. 45995.

United States Court of Customs and Patent Appeals, October 31, 1932

*Charles D. Lawrence,* Assistant Attorney General (*Marcus Higginbotham, Jr.,* special attorney, of counsel), for the United States.
*Puckhafer, Rode & Tompkins* (*J. Stuart Tompkins* of counsel) for appellee.

[Oral argument October 11, 1932, by Mr. Lawrence and Mr. Tompkins]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgement of the United States Customs Court, holding that certain articles imported at the port of Cleveland, Ohio, are properly dutiable at 5 cents per pound and 20 per centum ad valorem under paragraph 1405 of the Tariff Act of 1930, thereby sustaining the protest of appellee.

The imported merchandise consists of games in chief value of paper, called "Dover Patrol #1" and "Aviation #1," represented by Exhibits 1 and 2, introduced in evidence in the court below.

The importation was classified by the collector as toys, not specially provided for, under paragraph 1513 of said tariff act, and assessed for duty at the rate of 70 per centum ad valorem, as therein provided for.

The pertinent parts of the competing paragraphs of said tariff act read as follows:

PAR. 1513. * * * and all other toys, and parts of toys, not specially provided for, 70 per centum ad valorem. As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act.

PAR. 1405. * * * and all other articles, composed wholly or in chief value of any of the foregoing papers, not specially provided for, * * * or wood covered or lined with any of the foregoing papers or lithographed paper, * * * 5 cents per pound and 20 per centum ad valorem; * * *.

The Government contends that appellee failed to sustain the burden of proof to establish by competent, material, and convincing evidence that the articles here involved were not chiefly used for the amusement of children.

The only evidence in the case is the testimony of one witness upon behalf of appellee and the exhibits above referred to, representing the merchandise here involved.

The Government earnestly contends that the testimony of appellee's witness does not overcome the presumption of the correctness of the collector's classification that the merchandise was chiefly used—

for the amusement of children, whether or not also suitable for physical exercise or for mental development.

If our conclusion were dependent upon said testimony alone we would be inclined to agree with the appellant; but, in addition to such testimony, we have samples of the merchandise before us. A sample of merchandise in issue, in a case of this character, is a very potent witness. *United States* v. *May Department Stores Co.*, 16 Ct. Cust. Appls. 353, T. D. 43090; *United States* v. *Bernard, Judae & Co.*, 18 C. C. P. A. (Customs) 68, T. D. 44029.

We have examined the samples referred to, together with the rules for playing the games which are a part of the exhibits. The game of "Dover Patrol #1" has 80 pieces, and the game of "Aviation #1" has 84 pieces. The rules are written in the language of adults, and it would appear that to play either game requires careful study upon the part of adults beyond the intelligence of the average child.

To illustrate the language employed in the rules we quote one paragraph of the "Rules and Hints on Play" of the game "Dover Patrol #1":

This preliminary disposition is of the utmost importance, for if it is weak the opponent has every opportunity of breaking through and capturing your Flag while you, yourself, are handicapped by not being in a position to capture his.

Of course, the language employed in instructions for playing is not conclusive upon the question of whether it is chiefly used for the amusement of children. A very simple game, clearly designed chiefly for the amusement of children, might have rules couched in language that the average child would not comprehend; but the language employed is a circumstance to be considered in connection with the other facts in the case.

The lower court in its opinion stated:

This examination of the samples and the rules, together with the testimony of the witness that she had followed some of these games into consumption, and found they were used by adults exclusively, leads us to the conclusion that these games are not *chiefly* used for the amusement of children, even if they are used by children at all, which we doubt. * * *

It is our opinion that the facts disclosed in the trial below were sufficient to overcome the presumption of correctness of the collector's classification; and, there being no evidence to overcome the *prima facie* case made by appellee—that the collector was wrong in his classification and that the claim of appellee to classification under said paragraph 1405 was right—the judgment of the United States Customs Court is *affirmed*.